12-2359-cv
*Leary v. Civil Serv. Emps. Ass'n*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26ᵗʰ day of March, two thousand and thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges,*
> JESSE M. FURMAN,
> > *District Judge.*[*]

---

VALERIE V. LEARY,

> *Plaintiff-Appellant,*

> v.                                                                 No. 12-2359-cv

CIVIL SERVICE EMPLOYEES ASSOCIATION
REGION 3, WESTCHESTER COUNTY
DEPARTMENT OF LAW, WESTCHESTER COUNTY
DEPARTMENT OF PROBATION, ROCCO POZZI,
LOUIS CONTE, JOHANNA CONNORS, JAMES M.
ROSE, KAREN PECORA, BARBARA DESIMONE,
STEVEN T. SLEDZIK, and JUSTIN PRUYNE,

> *Defendants-Appellees.*

---

[*] The Honorable Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**    Cliffith D. Bennette, Bedford Corners, NY.

**FOR DEFENDANTS-APPELLEES:**    Steven A. Crain, Daren J. Rylewicz (Leslie C. Perrin, *Of Counsel*), Civil Service Employees Association, Inc., Albany, NY, *for Defendant-Appellee Civil Service Employees Association, Inc.*

Robert F. Meehan (Justin R. Adin, *Of Counsel*), Westchester County Attorney, White Plains, NY, *for Defendants-Appellees County of Westchester, Rocco Pozzi, Louis Conte, Johanna Connors, Steven T. Sledzik, and Justin Pruyne.*

R. Evon Idahosa, Izabell Lemkhen, Alex T. Paradiso, Furman Kornfeld & Brennan LLP, Elmsford, NY, *for Defendant-Appellee James M. Rose.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Valerie V. Leary brought this suit *pro se*, alleging federal constitutional violations relating to her termination as a probation officer for the Westchester County Department of Probation.[1]  In an opinion and order dated May 9, 2012, the District Court dismissed all of Leary's claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  *See Leary v. Civil Serv. Emps. Ass'n*, No. 11-CV-716 (CS), 2012 WL 1622611 (S.D.N.Y. May 9, 2012).

As relevant to this appeal, Leary asserts that her pre-termination hearing pursuant to New York's Civil Service Law § 75 did not satisfy due-process requirements, principally because the disciplinary hearing officer at her pre-termination hearing was purportedly biased, having been appointed and paid by her employer.  Having reviewed the complaint *de novo*, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences in Leary's favor, *see Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009), we affirm the judgment of the District Court for substantially the reasons stated in its thorough and well-reasoned opinion and order of May 9, 2012.

---

[1] On appeal, Leary does not dispute the District Court's conclusion that her claim under Title VII was abandoned, *see Leary*, 2012 WL 1622611, at *2, or the District Court's conclusion that she failed to state a plausible claim of a violation of her right to equal protection under the law, *id.* at *9–10, or various other aspects of the District Court's opinion and order.  Accordingly, we consider only her due-process claim.  *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (issues not raised in appellate brief are waived).

2

The entire basis of this appeal is foreclosed by precedents of this Circuit and of the Supreme Court, and Leary does not offer any basis for distinguishing or departing from those precedents. In *Locurto v. Safir*, 264 F.3d 154 (2d Cir. 2001), for example, we explicitly rejected a virtually identical argument, explaining that a pre-termination hearing for public employees does *not* require a neutral adjudicator. *Id.* at 174. Rather, "as the Supreme Court explained in [*Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985)], a pre-termination hearing does not purport to resolve the propriety of the discharge, but serves mainly as a check against a mistake being made by ensuring there are reasonable grounds to find the charges against an employee are true and would support his termination." *Id.* at 174–75. Employees who wish to challenge the basis for their termination before a neutral adjudicator may do so in a post-termination proceeding under Article 78 of New York's Civil Practice Law and Rules, which we described as "a wholly adequate post-deprivation hearing for due process purposes." *Id.* at 175.

## CONCLUSION

We have considered all of Leary's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

By separate order of this date, we order appellant's counsel to show cause why we should not impose sanctions for his conduct in pursuing this appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3